UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

MARY E. HARRIS,            )
                           )
    Plaintiff,             )
                           )
v.                         )
                           )
THE PUBLIC HEALTH TRUST OF )
MIAMI-DADE COUNTY d/b/a JACKSON )
HEALTH SYSTEM d/b/a JACKSON )
MEMORIAL HOSPITAL d/b/a JACKSON )
HOSPITAL AMBULATORY CLINIC, )
                           )
    Defendant.             )

## COMPLAINT

Plaintiff MARY E. HARRIS ("Plaintiff") sues defendant THE PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY d/b/a JACKSON HEALTH SYSTEM d/b/a JACKSON MEMORIAL HOSPITAL d/b/a JACKSON HOSPITAL AMBULATORY CLINIC ("Defendant") and alleges:

1. This is an action to recover damages for discrimination and retaliation pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e *et seq*. ("Title VII").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 12117, 28 U.S.C. § 2617, 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367 (a).

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, and because Defendant has its principal place of business

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180    Facsimile: 888.270.5549

within the district, resides in the judicial district, and because the employment records of Plaintiff are stored or have been administered in Miami-Dade County.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

6. At all times material, Defendant was and is a public organization authorized to conduct business in the State of Florida, in Miami-Dade County, and within the jurisdiction of this Court.

7. At all times material to this Complaint, Plaintiff was an "employee" and "aggrieved person" as defined by 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "employee" and "aggrieved person."

8. At all times material, Defendant was a "person" and an "employer" as defined by 42 USCS § 12111(5); 42 USC § 2000e(a) and (b); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(7). Plaintiff specifically incorporates the definitions of "person" and "employer."

9. At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

11. Plaintiff has complied with all conditions precedent in filing this action, to wit;

   a. Plaintiff timely filed two Charges of Discrimination with the Equal Employment Opportunity Commission, Miami District Office.

   b. Plaintiff was issued a Notice of Suit Rights as to all charges of discrimination and retaliation on or about September 27, 2019.

   c. Plaintiff is filing this action more than 180 days after she filed her Charges of Discrimination.

12. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## RELEVANT FACTS

13. At all times material, Plaintiff was a member of a protected class of African American black citizens.

14. At all times material, Plaintiff was and is qualified to perform the essential functions of her job.

15. Plaintiff first became employed by Parkway Hospital in 2003. Later, in 2010, the Defendant acquired Parkway Hospital and its employees, including Plaintiff, became employees of Defendant.

16. Defendant is a hospital and one of the largest providers of medical services in Florida.

17. At all times relevant, Plaintiff worked for the Defendant as Licensed Practical Nurse (LPN).

18. On or before 2014, Defendant subjected Plaintiff to race and national origin discrimination by creating a hostile work environment because of Plaintiff's race and national origin.

19. Plaintiff complained about the discrimination to her supervisors and nothing was done. Instead, the work environment became more hostile[1]. Plaintiff endured the hostility because she needed her job to support her children.

20. In 2016, a new wave of hostility due to Plaintiff's race and national origin ensued. Plaintiff could not tolerate the hostility any longer and this time began making complaints about workplace bullying and race and national origin discrimination to her supervisors and to her union representatives (also agents of the Defendant).

21. Specifically, Plaintiff complained about work-place bullying and discrimination due to her race and national origin to Caridad Nieves, Gianella Carreno, Rachel Freeman, Roselyn Lys, Vivienne Dixon Shim (AFSCME Union Representative), Michelle Warner (AFSCME Union Representative), Cecilia Gonzalez and Robert Campos Marquetti (Labor Relations Director).

22. Plaintiff's complaints about work-place bullying and racial and national origin discrimination enraged the Defendant and as a result the Defendant engaged in a retaliatory and abusive campaign to discredit Plaintiff, to cause her severe mental distress, and to ultimately get her fired.

---

[1] Plaintiff had previously complained with the EEOC about discrimination at the workplace in 2009. She filed EEOC Charge No.: 510-2009-02821. Nothing was done then either.

23. Specifically, Defendant began to write up Plaintiff for no reason,[2] forced her to work under less qualified staff, forced her to work with colleagues under the influence of alcohol/drugs and with a provider accused of sexual assault in a locked unit, became hostile when Plaintiff gave testimony during the investigation of a doctor accused of sexual harassment, micromanaged Plaintiff's work, and transferred Plaintiff to work at the ambulatory division of the hospital.

24. Plaintiff again complained of the discrimination and of the now blatant retaliation. Nothing was done to address her complaints. Instead, the hostility increased to levels that caused Plaintiff to become severely mentally distressed, depressed, anxious and with physical afflictions that needed FMLA leave, medical treatment, and hospitalization.

25. On or about December of 2016, Plaintiff filed a Charge of Discrimination denouncing race and national origin discrimination and retaliation (*see* **Exhibit "A"**).

26. Later, on or about December 21, 2016, Defendant terminated Plaintiff's employment alleging "misconduct". Plaintiff's termination prompted Plaintiff to file an additional Charge of Discrimination (*see* **Exhibit "B"**).

27. Defendant ignored all Charges of Discrimination and as a result the EEOC issued a Letter of Determination specifically finding that "there is reason to believe that violations have occurred" (*see* **Exhibit "C"**).

**COUNT I: DISCRIMINATION BASED ON PLAINTIFF'S RACE AND NATIONAL ORIGIN IN VIOLATION OF TITLE VII – HOSTILITY AND TERMINATION**

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 above as if set out in full herein.

---

[2] Writing Plaintiff up for no reason had become the norm every time Plaintiff aired her concerns about hostility at work. Defendant began disciplining Plaintiff since at least February of 2014.

29. Plaintiff is a member of a protected class of African American, black citizens.

30. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, creating a hostile work environment and subsequently terminating Plaintiff because of her race and national origin.

31. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of Title VII.

32. Plaintiff's race and national origin were motivating factors that caused Defendant to be hostile to Plaintiff and subsequently terminate Plaintiff.

33. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

34. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

35. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

C. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff prejudgment interest on her damages award;

E. Award Plaintiff punitive damages;

F. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT II: RETALIATION BASED ON PLAINTIFF'S RACE AND NATIONAL ORIGIN IN VIOLATION OF TITLE VII – TERMINATION

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 35 above as if set out in full herein.

37. Plaintiff is a member of a protected class of African American, black citizens.

38. Plaintiff engaged in a protected activity when she complained of racial and national origin discrimination to Defendant.

39. Plaintiff engaged in a protected activity when she filed her Charge of Discrimination on or about December of 2016 (*see* **Exhibit "A"**).

40. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of Title VII by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because Plaintiff complained about race and national origin discrimination, because she complained about the hostility and abuse directed towards her because of her initial complaints of race and national

origin discrimination, and because Plaintiff filed the Charge of Discrimination attached hereto as **Exhibit "A".**

41. Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of Title VII.

42. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

43. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

44. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

D. Award Plaintiff punitive damages according to proof;

E. Award Plaintiff prejudgment interest on her damages award;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

**COUNT III: DISCRIMINATION BASED ON PLAINTIFF'S RACE AND NATIONAL ORIGIN IN VIOLATION OF THE FCRA – HOSTILITY AND TERMINATION**

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 above as if set out in full herein.

46. Plaintiff is a member of a protected class of African American, black citizens.

47. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, creating a hostile work environment and subsequently terminating Plaintiff because of her race and national origin.

48. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

49. Plaintiff's race and national origin were motivating factors that caused Defendant to create a hostile work environment and subsequently terminate Plaintiff.

50. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

51. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

52. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff prejudgment interest on her damages award;

E. Award Plaintiff punitive damages;

F. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT IV: RETALIATION BASED ON PLAINTIFF'S RACE AND NATIONAL ORIGIN IN VIOLATION OF THE FCRA – TERMINATION

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 and 45 through 52 above as if set out in full herein.

54. Plaintiff is a member of a protected class of African American, black citizens.

55. Plaintiff engaged in a protected activity when she complained of racial and national origin discrimination to Defendant.

56. Plaintiff engaged in a protected activity when she filed her Charge of Discrimination on or about December of 2016 (*see* **Exhibit "A"**).

57. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because Plaintiff complained about race and national origin discrimination, because she complained about the hostility and abuse directed towards her because of her initial complaints of race and national origin discrimination, and because Plaintiff filed the Charge of Discrimination attached hereto as **Exhibit "A".**

58. Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of FCRA.

59. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

60. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

61. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff prejudgment interest on her damages award;

E. Award Plaintiff punitive damages;

F. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 26, 2019.

Respectfully submitted,

By: _s/ R. Martin Saenz
R. Martin Saenz, Esq.
Fla. Bar No.: 640166
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

Rawsi Williams, Esq.
Fla. Bar No.: 103201
Rawsi Williams Law Group
Bank of America Building
701 Brickell Ave, Ste. 1550
Miami, FL 33131-2824
Office: 888-729-7452