

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Miami Status Line: (866) 408-8075
Miami Direct Dial: (305) 808-1740
TTY (305) 808-1742
FAX (305) 808-1855

Charge No: 510-2017-01267

Mary Harris                                                              Charging Party
3311 Oak Ave.
Coconut Grove, FL 33133

And

Jackson Hospital Ambulatory Clinic                                       Respondent
c/o William X. Candela, Esq.
Miami-Dade County
111 N.W. 1st St., Suite 2810
Miami, FL 33128

## Letter of Determination

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above-cited charge, filed under Title VII of the Civil Rights Act of 1964, as amended. Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleges she was discriminated against because of her race (Black) and national origin (American). Charging Party also alleges she was terminated in retaliation for engaging in the protective activity of reporting discrimination to the Respondent and for filing EEOC Charge 510-2016-04251.

Examination of the evidence indicates that Charging Party established a prima facie case under Title VII of the Civil Rights Act of 1964, as amended. Once a prima facie case has been established by the Charging Party in a complaint of employment discrimination, the burden of proof shifts to the Respondent in the matter to provide a legitimate, non-discriminatory justification for the course of conduct it has engaged in. Respondent was provided with several opportunities to submit additional information needed to investigate Charging Party's allegations. As of this date, the Respondent has not provided the requested evidence.

Inasmuch as Respondent has been afforded every opportunity to respond to the charge of discrimination and has failed to do so, the Commission at this time has determined that Respondent has failed to meet the burden of proof and that said silence is an admission of the allegations made and exercises its discretion to draw an adverse inference with respect to such.

Letter of Determination
EEOC Charge No. 510-2017-01267
Page 2 of 2

The Commission concludes that the evidence obtained in the investigation establishes Reasonable Cause to believe that Respondent discriminated against the Charging Party as alleged.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practice by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this Determination, the Commission will consider any reasonable offer to resolve this matter.

Please complete the enclosed Invitation to Conciliate, EEOC Form 153, and return it to the Commission at the above address on or before **fifteen (15) days from the date of this letter**. You may fax your response directly to (305) 808-1855, to the attention of **Maximilian Feige, EEOC Investigator**. You may also contact us to schedule a Conciliation Conference to be held in our Miami office. Please be advised that the confidentiality provisions of Sections 706 and 709 of Title VII and the Commission's Regulation apply to information obtained during conciliation.

Failure to respond within fifteen (15) calendar days of the date of this letter will indicate that you are not interested in conciliating this matter and the Commission will determine that efforts to conciliate this charge as required by Title VII have not been successful. Should you have any questions, please contact **Investigator Maximilian Feige at (305) 808-1821 or by email at max.feige@eeoc.gov**.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission's investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

APR 11 2019

Date

On Behalf of the Commission,

Michael J. Farrell
District Director

Enclosures: Invitation to Conciliate